M. J. HALL v. JOHN B. HALL.

1. HUSBAND AND WIFE—CONTRACT.—A note executed by the husband to the wife, in consideration of money, the separate property of the wife, loaned to the husband, is binding upon the estate of the husband, and both the principal and accrued interest remain the separate property of the wife.

2. SAME.—Whether a debt thus contracted was made for the benefit of the community, or for the separate estate of the husband, both the community and the separate estate of the husband would be liable for its payment.

3. PLEADING—CERTAINTY.—See statement of case and opinion for allegations in an answer held defective for want of certainty.

4. PLEADING—DAMAGES.—In a suit by the surviving wife on a liquidated demand against the executor of the last will of the husband, the wife can only be held liable for damages for the value of property alleged to have been illegally converted by the wife on an adjustment of the respective rights and equities of the parties growing out of a final settlement of the estate, if in such action she could be held liable at all. Such defense will not be considered when the executor, in his answer, fails to show that the plaintiff would not, on a settlement of the estate, be entitled to the amount sued for after charging her with the value of the property alleged to have been converted.

ERROR from Harrison. Tried below before the Hon. A. J. Booty.

Julia B. Hall, defendant in error, brought this suit, in the District Court of Harrison county, against M. J. Hall, as executor of the last will of M. J. Hall, senior, deceased, and in his own right, on a note executed by Hall in his life-time to plaintiff for the sum of $1,720 in specie, with ten per cent. interest thereon per annum from date, and indorsed by said M. J. Hall as a guarantor, for a valuable consideration, after the death of said M. J. Hall, senior. The note was executed by

Hall, senior, to plaintiff, his wife, in consideration of the loan by her to him of the sum of $1,720, then the separate property of plaintiff.

Defendant urged a general demurrer to plaintiff's petition, which being overruled by the court, he excepted.

The cause was tried May 13, 1879, before a jury, and resulted in a verdict for plaintiff for the principal and interest of the note, then due; for which the court rendered judgment in favor of plaintiff against defendant as executor and in his own right. The defendant filed a motion for a new trial, which being overruled, he gave notice of appeal.

The answer charged that the defendant was the executor of the estate of M. J. Hall, senior; that there was a large community estate, and that both husband and wife had separate estates; that the community estate was insufficient to pay the community debts; that the debt sued on was a community debt; that after Hall's death the plaintiff took possession of a large part of the community property and applied it to her own use, and also part of M. J. Hall's separate property; that during the marriage plaintiff had a large sum of money, her separate property; that this money was loaned out at interest during the marriage and notes taken for it (naming the persons to whom loaned and the amount loaned); that on this money so loaned interest had accumulated during the marriage, and the amount of interest; that the plaintiff, after Hall's death, had obtained possession of the notes and collected them, not only her own money, but the interest that belonged to the community, and prayed that she be held to account for the community property taken by her, and that it be held to offset this note; that all the community property in the hands of the executor was exhausted, and that over $5,000 of community debts were still unpaid. The court sustained all the special exceptions and overruled the general demurrer, and this ruling was assigned as error.

The assignments of error were: 1. Error in overruling the general demurrer to plaintiff's petition; 2. Error in overruling

special exceptions to plaintiff's petition; 3. Error in sustaining exceptions to defendant's answer and amended answer; and 4. Error in overruling motion for new trial.

*Turner & Lipscomb,* for plaintiff in error.

I. A note given during the marriage by a husband to his wife, either for her separate means or otherwise, is null and void, it being without consideration.

During Hall's life the note could only be collected by Hall himself; it was in fact a note by Hall payable to himself. No suit could have been maintained on it in Hall's life-time, and his death could add no property to the note that it did not possess while he lived.

II. The note executed during the marriage of M. J. Hall, senior, and the plaintiff, was a community debt owing by the matrimonial partnership to one of the partners, and is therefore a charge against the community estate of Hall and the plaintiff, and not against the separate estate of Hall.

III. The interest that accumulates on the separate funds of the wife or husband is community, the money being the separate estate of the wife. Interest accumulating on it was community, and the demurrer should certainly have been sustained to that extent. (DeBlane *v.* Lynch, 23 Tex., 27.)

IV. Although payable to the wife, the note was in fact a debt due from the community estate of the two. If the wife permits the husband to use her separate money in or during the marriage, and it be lost, by no principle of reason or equity should she be allowed to go on to his separate estate for payment.

V. Hall, during the marriage, had a right to control the separate money of the wife. The note being given for her separate money, was without consideration, the law giving Hall the control in any event.

VI. The note was a nullity, because Hall, the maker, was in law the payee also, and the only person while he lived that could maintain an action on it. Is not such a note a nullity?

VII. The court erred in sustaining the exceptions to the answer and amended answer.

VIII. Interest on the separate money of the wife that accrues during marriage is community. (DeBlane *v.* Lynch, 23 Tex., 27.)

The community property is first liable before the separate estate of the husband can be reached.

When the wife voluntarily placed her money in the hands of the husband, during the existence of the marriage, to be used in the community, she had a right to claim the money out of the community estate, but it would be in the highest degree unjust to allow her to go on to the separate estate of the husband. Being copartner in the community, she must abide the loss.

*George Lane* and *W. & N. A. Steadman,* for defendant in error.

I. A note given during marriage by a husband to his wife for her separate money borrowed by him from her, is not null and void, but is a valid contract. (Price *v.* Cole, 35 Tex., 461; Story *v.* Marshall, 24 Tex., 305; Higgins *v.* Johnson's Heirs, 20 Tex., 389; Webster *v.* Webster, 4 Am. R., 253.)

II. The note sued on in this case is collectible by the wife by suit against her husband's estate. (Hall *v.* Harris, 11 Tex., 300; Price *v.* Cole, 35 Tex., 461; Webster *v.* Webster, 4 Am. R., 257.)

III. The note in this case was a separate debt owing by Hall, senior, to his wife, and payable out of his separate estate. (Story *v.* Marshall, 24 Tex., 305; Higgins *v.* Johnson's Heirs, 20 Tex., 389; Webster *v.* Webster, 4 Am. R., 253.)

IV. The interest on the note sued on in this case was made the separate property of plaintiff by the contract of said Hall, senior, to pay her interest on said note. (Same authorities as are cited in support of the last preceding proposition.)

V. The loan by plaintiff to said Hall, senior, was a sufficient consideration for said note, the statute giving control to the

husband of the wife's separate estate not having designed that he should make use thereof to deprive her and her heirs of all property therein.

VI. Under the laws of Texas, the existence of the wife as a person distinct from her husband in matters of property is recognized. (Price *v.* Cole, 35 Tex., 461; Cartwright *v.* Hollis, 5 Tex., 152.)

VII. The defendant has no right in this suit to require plaintiff to account for any property of the community between her and said Hall, senior, deceased, that may have come into her hands and been appropriated by her to her own use.

VIII. The necessity of plaintiff accounting for property between the community of said Hall, senior, deceased, and herself, is not shown by defendant's answer, inasmuch as it does not sufficiently and properly plead either the debts alleged to have been paid by said M. J. Hall, as executor of said Hall, senior, deceased, or the debts alleged to be remaining unpaid.

IX. The plaintiff cannot in this suit be required to account for any of the property of the community between her and said Hall, senior, deceased, because to so require would be to set off a separate against a joint debt. (Goode *v.* McCartney, 10 Tex., 194; Allbright *v.* Aldrich, 2 Tex., 166.)

BONNER, ASSOCIATE JUSTICE.—The first and second errors assigned in this case present the question of the power of the husband to make to the wife a valid and binding promissory note, in consideration of money, her separate property, loaned to him.

It is not contended that such an instrument would be binding at common law.

Under our system, however, the legal existence of the wife is not so merged in that of the husband as to destroy her separate property rights. Besides the privileges she enjoyed under the modification of the civil law which came to us through Mexico prior to the admission of Texas into the Union, we had, in our first State Constitution, an express provision that "all

property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterwards by gift, devise, or descent, shall be her separate property; and laws shall be passed more clearly defining the rights of the wife, in relation as well to her separate property as that held in common with the husband." (Const. 1845, art. 7, sec. 19.)

That she could own property in her own right, both separate and common or community with the husband, has become the settled policy of this State, as shown by similar provisions in all her subsequent Constitutions and by statute. (Paschal's Dig., arts. 1003, 4641, 4642; Rev. Stats., art. 2851.)

It has been repeatedly held by this court that the wife's separate property, so long as it can be traced, remains such, whatever changes it may undergo; that the husband may make a gift or grant of the community or of his separate property direct to the wife without the intervention of a trustee; and that if property be purchased with community funds and the deed taken in the name of the wife, the presumption that the property remains community may be rebutted by proof of the intention of the husband to thereby make it her separate property. (Rose *v.* Houston, 11 Tex., 326; Fitts *v.* Fitts, 14 Tex., 448; Story *v.* Marshall, 24 Tex., 305; Smith *v.* Boquet, 27 Tex., 507; Higgins *v.* Johnson's Heirs, 20 Tex., 389.)

In Price *v.* Cole, 35 Tex., 461, this court has virtually decided the precise question, that a note and mortgage given by the husband to the wife are valid and binding instruments.

Our statute gives the husband the right to control the separate property of the wife. (Paschal's Dig., art. 4641.) Under a statute giving the wife separate property rights substantially as ours, except that she could "release to her husband the right to control her property," it was decided that a promissory note given by the husband to the wife, for borrowed money, was valid. (Webster *v.* Webster, 58 Me., 139; Webster *v.* Webster, 4 Amer. R., 253.)

We are of the opinion that the note here sued upon, given by M. J. Hall, senior, to his wife, Julia B. Hall, in considera-

tion of her separate money loaned to him, is a valid and binding contract, and that it was such a declaration of his intention that the principal and interest, both which are expressly promised to be paid by the terms of the note, should remain her separate property, that it should have this effect.

Whether such an instrument would be a debt contracted by the husband for the benefit of the community, or for his own separate benefit, would depend upon the facts of the particular case.

In either event, both the community and the separate estate of the husband would be liable for its payment. In this case, the court below ordered execution to run against both estates. Mrs. Hall does not complain of the judgment, and it does not become necessary for us to decide whether, upon the facts presented in the record, she could demand that it should have been a charge first upon his separate estate.

We think there was no error in the judgment of the court overruling the demurrers of the defendant to the pleadings of the plaintiff.

The third error assigned is, that the court erred in sustaining the special exceptions of plaintiff to the answers of the defendant.

We think that the several exceptions taken because of want of certainty in the allegations of the defendant, were properly sustained, unless, perhaps, as to that count in the answer which is accompanied by schedules of property of the estate alleged to have been taken and converted by her. These, however, seem to consist principally of articles to which she would have been entitled as exempt property.

The answer, as a whole, is an effort to offset the certain liquidated demand of the plaintiff, with the value of the property, separate and community, of the estate of M. J. Hall, senior, alleged to have been illegally taken and converted by her.

If, in this suit, the plaintiff could be held liable for such damage, (Paschal's Dig., art. 3447,) we think it should only be

with reference to an adjustment of the respective rights and equities of the parties growing out of the final settlement of the estate.

The answers of the defendant did not properly present these issues. Though the defendant was the executor of the estate, and though it was his duty to be fully advised of its condition, he presents no sufficient statement or exhibit of this condition showing whether the estate is solvent or insolvent, and whether plaintiff would not, upon final settlement, be entitled, over and above her demand sued upon, to the value of the property alleged to have been converted by her. The estate is shown to have been in value quite large, and the creditors and distributees are not made parties, so that the respective rights of all in interest could be adjusted.

We are of opinion that, under the case as made by the pleadings, there was no error in sustaining the special demurrers of the plaintiff.

The fourth error assigned is, that the court erred in overruling the motion for a new trial.

This motion seems not to be incorporated in the record, and hence we cannot advisedly pass upon the same.

There being no apparent error in the judgment below, the same is affirmed.

                                                              AFFIRMED.

[Opinion delivered December 11, 1879.]