No. 2514.

## JOHN C. BROWN, RECEIVER, *v.* HENRY BROWN.

1. MASTER AND SERVANT—DUTY OF SERVANT.—In an action for damages by an employe for injury inflicted upon him by an iron slab used in covering a pit in which the employe was working falling upon his head, it had been propped upon its edge by himself with a piece of timber, as he had done before, and as he had been instructed. *Held*, that the employe was chargeable with knowledge of the danger; and, as the slab fell from not having been safely propped up, he could not recover for the injury.

2. FACT CASE.—See facts insufficient to authorize a recovery for personal injuries by an employe.

3. RECEIVER—JUDGMENT AGAINST.—In a suit against a receiver appointed by the federal court for damage, it is error for the district court to prescribe the particular funds out of which judgment should be paid. The judgment should be against the receiver in his official capacity, leaving the matter of its enforcement to be determined by the court having jurisdiction of the receivership, in view of the rights of all persons interested in the proper application of the fund in the custody of that court.

APPEAL from Harrison. Tried below before the Hon. J. G. Hazlewood.

The facts are given in the opinion.

*F. H. Prendergast*, for appellant: The court erred in refusing a new trial, because the evidence showed that the injury was caused by the falling of a slab of iron, and it fell on account of the negligent manner in which plaintiff himself had propped it up.

Plaintiff was an employe of the defendant. His duty was to go at night and clean the ashes out of the pit under the stationary engine. An iron slab, three feet wide and four feet long, lay over the pit to cover it. The slab weighed three or four hundred pounds. Plaintiff propped the slab up on its edge with a wooden stick leaned against the back of the slab. The back of the slab was smooth. He propped it up as he had seen others do it and as he had been told to do it. Plaintiff went down into the pit and the slab fell on his head and hurt him.

There was nothing to prevent him from laying the slab of iron flat down on the south side of the pit.

Whatever defects there were in the instrument used, or in the manner of propping the slab up, were as well known to plaintiff as defendant. In fact the manner of propping the slab up seemed to have been adopted by the servants themselves without any direction from the defendant.

No reason is shown why they propped the slab on its edge rather than place it on its side. A wooden stick was leaned against the slab on its smooth surface, to hold it up, and this gave way, causing the slab to fall. (Railway Company v. McCarthy, 64 Texas, 636; Wood's R. R. Law, sec., 386.)

The court erred in adjudging the amount of the judgment to be a lien on the earnings of said road in the hands of the receiver, and on all machinery purchased by said receiver, and all betterments. This was error, because the court had no jurisdiction over the earnings, nor improvements, nor machinery, and no power to render such a decree, and there was no evidence to justify the same. There was no pleading, nor prayer, nor evidence to support this decree.

It appears that defendant, John C. Brown, was operating the road and shops as receiver, appointed by the United States Circuit Court at New Orleans, Louisiana. The authority to sue him must therefore rest on the act of Congress of March 3, 1887, and not on the act of the Texas Legislature of 1887. Section 3 of the act of Congress of March 3, 1887, provides that you may sue a receiver, but the court appointing the receiver shall retain equity jurisdiction of the suit so far as the same shall be necessary to the ends of justice. The adjudication here is not binding on that court. At any rate it is not binding in so far as it declares a lien on the property or earnings, especially with no proof showing that to be equitably just.

STAYTON, CHIEF JUSTICE. This action was brought by the appellee against the appellant as the receiver in charge of the property of the Texas & Pacific Railway Company, under appointment made by a circuit court of the United States. It was brought to recover damages on account of an injury alleged to have been suffered by the appellee while in the employment of the receiver, which it is claimed resulted from the unsafe condition of a pit under boilers and furnace, into which the cinders and ashes from the furnace fell.

It is shown to have been the duty of appellee, on the morning of each day, to remove from the pit the cinders and ashes that had accumulated during the previous day, and to accomplish this it was necessary for him to enter the pit, which was covered, as we infer from the record, in front of the furnace and boiler, by two loose plates of boiler iron about three feet wide and four long, and each weighing from two to three hundred pounds. These plates seem to have rested on a brick wall that was somewhat higher on one side than the other, and on the occasion that the injury was received, the appellee had placed one of these covering plates on edge, and had propped it on the outside with a stick, in no way secured except by its contact with the smooth surface of the iron. Having thus opened the pit and secured the cover, the appellee entered it and was engaged in removing cinders and ashes, when the plate fell, but not into the pit, and injured him.

The appellee had been engaged in the business about six weeks before he was injured, and had full opportunity to know of any defect existing that would render dangerous working in the pit with the covers secured only in the manner in which it is shown he secured them; and it is not shown in what way the risk of danger was augmented by the fact that one side of the wall of the pit was lower than the other.

The appellee knew that the covering plates were in no way secured otherwise than by the prop of wood which he had placed with one end on the ground, the other plate, or the brick wall, and the other against the smooth surface of the plate, placed on edge by himself.

Under this state of facts, waiving a consideration of the assignments of error, which complain of the action of the court in refusing instructions asked by the appellant, we are of the opinion that the court below erred in refusing to grant a new trial on the grounds made the basis of the motion.

The evidence tends so fully to show that the injury received by the appellee resulted from his own want of due care that the ends of justice require the judgment to be set aside.

The judgment entered was erroneous in that it undertook to prescribe the particular fund out of which it should be paid, and to establish a lien on the earnings of the railway, machinery purchased by the receiver, with earnings, while the railway was in his hands, and on improvements and betterments made with such earnings.

All the property of the railway company, including that on which the judgment attempted to fix a lien to secure the judgment rendered, being practically in the custody of the federal court that appointed the receiver, the judgment, if authorized, should have been only against the receiver, in his official character, leaving the method of its enforcement to be determined by the court having jurisdiction of the receivership, in view of the rights of all persons interested in the proper applica- tion of the fund in that court's custody.

For the error of the court in refusing to grant a new trial the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 9, 1888.