M. S. SWEARINGEN v. F. A. REED AND J. A. REED.

No. 89.

1. **Trespass to Try Title—Common Source as Estoppel.**—Where, in trespass to try title, both parties deraign title through a common source, the defendant is held to admit the validity of the title, and can not impugn it by the assertion of outstanding title back of the common source.

2. **Deed of Husband to Wife — Recitals — Separate Property.** — Where the husband conveys land to the wife, it is not necessary, in order to vest the title in her as her separate property, that the deed should contain a recital that the conveyance is intended for her separate use.

3. **Practice on Appeal — Assignment of Error.**—Complaint against a finding of fact by the trial court will not be considered on appeal without a specific assignment of error having been made thereto.

4. **Separate Property of Wife—Contract as to Future Acquisitions.**—One who is not a creditor of the husband can not complain of a transaction by which the husband secures to the separate use of the wife future acquisitions which would, in the absence of such contract, be community property.

5. **Deed — Description of Land — Notice.**—A deed describing the land conveyed as "the south half of section No. 576, block H, W. & N. W. Ry. Co. survey, certificate No. $\frac{1}{286}$," was made in C. county, where the land was situated, and duly recorded there; but the State and county in which the land was situated was not recited in the deed. The true certificate number of survey 576 was $\frac{2}{286}$, instead of $\frac{1}{286}$. *Held*, that the description and the record of the deed were sufficient to put a prudent man upon inquiry with reference to the scope and character of the instrument, and of the property thereby conveyed.

APPEAL from Childress.   Tried below before Hon. G. A. BROWN.

*A. J. Fires* and *Stovall Johnson*, for appellant.—1. The evidence shows an outstanding title in the State of Texas superior to plaintiff's title. Ramsey v. Medlin, 55 Texas, 248; Snyder v. Nunn, 66 Texas, 258; Martin v. McCarty, 74 Texas, 128; Luckie v. Watt, 77 Texas, 262.

2. At the time J. A. Reed made the deed to Fanny A. Reed to said school land, the title thereto was held by the State of Texas, and the right and title to said land was to be earned only by onerous conditions, such as the payment of the purchase money, residing upon, occupying, and improving the land for the term of three years. Such conditions and requirements rendered void any contract between husband and wife that the after-acquired title to said property should enure to the sole and separate use and benefit and should become the separate property of the wife. Green v. Ferguson, 62 Texas, 525; Wallace v. Finberg, 46 Texas, 44; Cox v. Miller, 54 Texas, 25; Mining Co. v. Bullis, 68 Texas, 581.

3. The record of the deed from J. A. Reed to F. A. Reed is insufficient to put any one on notice of the claim of F. A. Reed to the south half of section 576, block H, because the deed describes said land as " the south half of section number 576, block H, Waco & Northwestern Rail-

way Company survey, certificate number $\frac{1}{286}$," not stating in what State or county the said land was situated, and giving to the certificate number a false designation; and the court erred in admitting the deed in evidence over defendant's objection.   Bitner v. Land Co., 67 Texas, 341.

*McCall & Britt, A. M. Jackson, Jr.,* and *N. P. Jackson,* for appellees.

1. The defendant in an action of trespass to try title, deraigning his title from a common source with the plaintiff, not only can not impugn, but affirms the title of the common source.   Glover v. Thomas, 75 Texas, 576.

2. The deed of the husband conveying community property to the wife implies the husband's intention to change the character of the property from community to separate property of the wife.   Subsequent sale of the property by the husband does not rebut this presumption, and the deed to the wife is effectual against such subsequent purchaser.   Callahan v. Houston, 78 Texas, 494.

TARLTON, CHIEF JUSTICE.—This is an appeal prosecuted by M. S. Swearingen from a judgment rendered by the District Court of Childress County in behalf of Fannie A. Reed, the wife of James A. Reed.   This lady, joined by her husband, brought this suit, in the nature of an action of trespass to try title, to recover from appellant, M. S. Swearingen, in her separate interest, 10 acres of land out of the south half of section 576, block H, in Childress County, Texas.   This section was located by virtue of certificate number $\frac{2}{288}$, granted to the Waco & Northwestern Railway Company.

In 1886 the State Land Board, under the Act of 1883, and upon the application of J. A. Reed, sold and awarded to him the south half of the section described, which was school land.

January 13, 1888, James A. Reed, for the recited consideration of $450, executed a deed with clause of general warranty to his wife, Fannie A. Reed.   This deed contains no recital that the conveyance is intended for the separate use and benefit of the wife.   It purports to be executed in Childress County, Texas.   The land conveyed is described therein as "the south half of section number 576, block H, Waco & Northwestern Railway Company survey, certificate number $\frac{1}{286}$."   The State or county in which the land is situated is not recited.   The deed, properly acknowledged, was recorded in Childress County, January 13, 1888.   It is alleged in the petition, that the proper number of the certificate referred to in the deed is $\frac{2}{288}$, and that the number recited in the deed as $\frac{1}{286}$ was inserted by mistake.   James A. Reed, the grantor, testified that the deed should have recited the certificate number as $\frac{2}{288}$, instead of $\frac{1}{286}$; that the former is the true certificate number of section 576.

On this conveyance rests the claim of the appellee Fannie A. Reed. August 6, 1890, James A. Reed filed an instrument designating 200 acres

of the south half of section 576 as the homestead of himself and family. On the same day he executed to J. W. Swearingen a deed conveying 10 acres out of the south half of the survey named, the 10 acres, however, not being included in the homestead designation. August 11, 1890, J. W. Swearingen conveyed the 10 acres named to M. S. Swearingen, the appellant herein.

The appellant and the appellee Fannie A. Reed claim under James A. Reed as a common source of title.

The two assignments of error inserted in appellant's brief contain, in effect, the same complaint, viz., that the court erred in concluding as a matter of law that by the deed from James A. Reed to his wife, Fannie A. Reed, the former was divested of all title to the entire south half (including the 10 acres in controversy) of section 576, block H, Waco & Northwestern Railway Company survey, located by virtue of certificate $\frac{2}{288}$, in Childress County.

1. As the appellant deraigns his title from James A. Reed as the common source, we find no merit in his several propositions asserting the existence of an outstanding title in the State, because of the fact alleged by him (though not found by us to exist), that Reed failed to comply with the statute of 1883 providing for the sale of school land. The appellant will not be permitted to impugn the title of Reed, under which he claims, but is held to admit its validity. Glover v. Thomas, 75 Texas, 506.

2. The deed from James A. Reed to his wife indicates on its face, we think, an intention by him to vest in her as her separate property the land therein described. In a transaction between husband and wife it is not necessary that the deed, in order to have the effect referred to, should contain a recital that the conveyance is intended for the separate use of the wife. Lewis v. Simon, 72 Texas, 475; Callahan v. Houston, 78 Texas, 494. Only creditors or subsequent purchasers without notice can question the validity of such a deed. De Garca v. Galvan, 55 Texas, 53; Brown v. Brown, 71 Texas, 355.

James A. Reed testified, "that he executed the deed in question to his wife for the purpose of inducing her to come to Texas and live with him; that he did not intend by the execution of the deed that the property therein described should become the separate property of his wife; that he had intended that himself and his wife should own it equally, living on it and using it together; that he did not communicate to his wife that such were his intentions in making the deed." The court, in a finding of fact, holds this evidence to be inadmissible and declines to consider it in arriving at his conclusions.

Under a proposition in appellant's brief, to the effect that the evidence shows that it was not the intention of James A. Reed to vest the title in his wife to the property in question, it is sought, in an argumentative

way, to complain of this finding of the court.    It was the duty of appellant, if he desired to invoke a review by us of this action of the court, to complain of it by specific assignment of error.    As he has failed so to suggest the question, we decline to consider it.    We think that had the court weighed the testimony and, notwithstanding, found that it was the intention of James A. Reed to convey the property to the separate benefit of his wife, there would be sufficient evidence gathered from the terms of the deed itself to sustain this finding.    We express no opinion, however, on the admissibility of the statement of the husband.

3. It appears that at the date of the execution of this instrument James A. Reed had made to the State only one payment of the purchase money of the land, the remaining indebtedness not having matured.    On this fact appellant founds the contention, that the contract between Reed and his wife (having necessary reference to future payments for the land to be made out of the community funds) was void.    We are unable to sustain this proposition.    As appellant does not pretend to have occupied the attitude of a creditor of James A. Reed, he can not complain of the transaction by which the husband secured to the separate use of his wife future acquisitions which would, in the absence of such a contract, be community property.    Thus, though interest accruing upon the separate money of the wife is of the community, the husband, nevertheless, can so contract with the wife that such interest, except as to the existing creditors, shall be the separate property of the wife.    Hall v. Hall, 52 Texas, 294; Martin Brown Co. v. Perrill, 77 Texas, 204.

4. We are of opinion that the court was justified in concluding that the appellant and his vendor should be held to be affected at the time of their purchase with notice of the conveyance by James A. Reed to his wife.    The description of the land, though defective and incorrect as to the certificate number, as already pointed out, was, inasmuch as it indicated the correct section and name of the survey, and inasmuch as the deed was duly recorded, sufficient to put a prudent man upon inquiry with reference to the scope and character of the instrument and of the property thereby conveyed.

The judgment is affirmed.

*Affirmed.*

Delivered February 16, 1893

A motion for rehearing was overruled.