SAMUEL A. WEST ET AL. v. HOUSTON OIL COMPANY OF TEXAS ET AL.

Decided April 12, 1907.

**1.—Forgery—Evidence.**

Upon an issue of the genuineness of a deed, evidence considered, and held sufficient to require that the issue be submitted to the jury.

**2.—Deed—Ambiguous Description.**

A deed which describes the land conveyed as being situated in J. County and as the same granted to the maker of the deed by a certain commissioner of a certain empresario, can not be held void for insufficiency of description although it developes that the land described is in fact situated in a different county.

**3.—Same—Construction—Latent Ambiguity.**

When it is shown by extrinsic evidence what land was the subject matter of the contract, and the land actually sold and purchased and intended to be conveyed is thus identified, the false portion of the description in the deed should be rejected as surplusage and the instrument construed in conformity with the intention of the parties.

**4.—Deed—Description—Record—Notice.**

When the description in a deed is sufficient to identify and convey the land, the record of such deed is constructive notice to subsequent purchasers.

**5.—Same—Case Distinguished.**

The case of Neyland v. Texas Yellow Pine Lumber Co., 64 S. W. Rep., 696, discussed and distinguished from the present case.

**6.—Record—Examined Copy.**

An examined copy of the record of an instrument improperly admitted to record is not competent evidence.

Appeal from the District Court of Sabine County. Tried below before Hon. James I. Perkins.

*R. R. Hazlewood, J. A. Templeton, Davis & Davis, Tom C. Davis* and *Goodrich & Synnott,* for appellants.—A reference in a deed to other instruments imports into such deed the instruments so referred to. Jeffries v. East Omaha Land Co., 134 U. S., 178; L. Ed. Book 33, pp. 872, 878; Cox v. Hart, 145 U. S., 376, 388, L. Ed. Book 36, 741; Jordan v. Young, 56 S. W. Rep., 762; Loring v. Groomer, 19 S. W. Rep.,

950; State Savings Bank v. Stewart, 25 S. E. Rep., 544; Milled v. Topeka Land Co., 24 Pac. Rep., 420; 2 Devlin on Deeds, sec. 1020.

A deed should be considered as intended to have some effect, and a construction making it operative will be preferred to one rendering it void. Where the language used will admit of two constructions the one least favorable to the grantor and most favorable to the grantee should be adopted. 2 Devlin on Deeds, secs. 848, 850, 852; Cartwright v. Trueblood, 90 Texas, 538; Huffman v. Easthan, 19 Texas Civ. App., 227; 3 Wash. Real Prop., 384 and 385; Hancock v. Butler, 21 Texas, 804.

When a plat is referred to in a deed such plat becomes a part of the deed and same will be resorted to, in determining the true locality of the land sought to be located. Cragin v. Powell, 128 U. S., 691; L.-ed. Book 32, pp. 567 and 568; Beaty v. Robertson, 130 Ind., 593; 30 N. E. Rep., 707; Murchison v. Mexia, 36 S. W. Rep., 829 and 830.

The description in the deed to Dobson of the land sold was sufficient to identify and convey, and it did identify and convey, the grantor's headright regardless of its location. Peterson v. Ward, 5 Texas Civ. App., 211; Bratton v. Adams, 7 Texas Civ. App., 163; McCoy v. Pease, 17 Texas Civ. App., 307; Hill v. Moore, 85 Texas, 341 to 347.

The false description contained in this deed should be rejected as surplusage, and the true description should be given effect to. Cartwright v. Trueblood, 90 Texas, 538, 539; Arambula v. Sullivan, 80 Texas, 615 and 619-620; Peterson v. Ward, 5 Texas Civ. App., 211; Vose v. Handy, 11 Am. Dec., 101 and 105-6; 2 Devlin on Deeds, secs. 1016 to 1018, 1038, 1039.

The registration of appellant's chain of title in Newton County was constructive notice to subsequent purchasers of appellants claim to said land, and such purchasers will be held to have notice of the facts recited in such chain of title. Loring v. Groomer, 19 S. W. Rep., 952.

Where the ambiguity or inconsistency in the description of property described in a deed is such that one examining the record of such deed would be in doubt as to which of the two tracts of land was intended to be thereby conveyed, the registration of such instrument will constitute constructive notice to a subsequent purchaser of such property. In such a case a purchaser will not be permitted to discard that part of the description which identifies the land purchased by him and to so apply such description as to constitute himself an innocent purchaser of such land. Carter v. Hawkins, 62 Texas, 395; Wolfe v. Dyer, 8 S. W. Rep., 551; Simmons Creek Coal Co. v. Doran, 142 U. S., 417; L. ed. Book 35, 1072; Regan v. Milby, 50 S. W. Rep., 587; Wade on Notice, secs. 182, 184, 185; Webb on Record of Title, secs. 178, 180, 181; Loring v. Groomer, 19 S. W. Rep., 952.

The defendants were bound to take notice of the archives of the General Land Office relating to the survey in question, and they will be charged with notice of the facts disclosed by such records. Texas & N. O. Ry. Co. v. Barber, 71 S. W. Rep., 394; Murchison v. Mexia, 36 S. W. Rep., 829.

*Denman, Franklin & McGowan, Lanier & Martin, Taliaferro, Nalle & Dies* and *A. D. Hamilton,* for appellees Houston Oil Co. of Texas, Kirby Lumber Co. and the Receivers of said companies.—Registry is

constructive notice of the tenor and effect of the recorded instrument only as it appears from the record. Whilst it is true that where a recorded instrument is actually seen by a subsequent purchaser of property affected by such instrument, there may be something in the instrument sufficient to put junior purchaser upon inquiry and require of him a further investigation, yet the instrument itself may not be constructive notice of such matter, and the knowledge charged upon such junior purchaser, or rather the duty of inquiry placed upon him, by actual knowledge of the contents of the instrument, is merely to be considered on the question of actual notice. Neyland v. Texas Yellow Pine, etc. Co., 64 S. W. Rep., 698; Graham v. Hawkins, 1 Texas U. C., 519; Cooke v. Bremond, 27 Texas, 457; McLouth v. Hurt, 51 Texas, 120; Gulf, C. & S. F. v. Gill, 86 Texas, 284; Laughlin v. Tips, 8 Texas Civ. App., 653.

The notice is of the contents of the instrument and not of any secret condition, or trust, or equity between the parties. Houston v. McCluney, 8 W. Va., 150; Bell v. Hammond, 2 Leigh, 416; Duke v. Strickland, 43 Ind., 496.

*Holland & Holland,* for appellee A. Gilmer.—An affidavit of forgery having been filed under article 2257, Revised Statutes, attacking the deed from Jesse McGee to William Dobson as a forgery, it devolved upon the appellants producing the instrument to prove its execution as at common law, and having failed so to do, the court correctly instructed the jury to find for defendants. Wilson v. Simpson, 80 Texas, 279; Jester v. Steiner, 86 Texas, 415; Cox v. Cock, 59 Texas, 524; Robertson v. Dubose, 76 Texas, 1.

Where the written instruments are ambiguous, the intention of the parties will be gathered from the whole instrument including both the general and the special description, but in case of conflict, the general description must yield to the particular description and more especially is this so where monuments are called for in the special description and such monuments can be found and identified on the ground. Cullers v. Platt, 81 Texas, 263; Boggess v. Allen, 56 S. W. Rep., 196; Sanger v. Roberts, 92 Texas, 316.

When language used in a deed to describe premises meant to be conveyed is equivocal or ambiguous, subsequent acts or declarations of parties showing practical construction put upon words or description by them may be resorted to to ascertain their intention. Linney v. Wood, 66 Texas, 27; Heidenheimer v. Cleveland, 17 S. W. Rep., 525.

The undisputed testimony in this case shows that appellees were innocent purchasers for value of the land sued for and the court so holding correctly directed a verdict for defendant. Ozark Land & Lumber Co. v. Franks, 57 S. W. Rep., 543; Graham v. Hawkins, 1 Posey's U. C. 519.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by the appellants against the appellees. The land in controversy is the league granted to Jesse McGee by the State of Coahuila and Texas and situate partly in Sabine and partly in Newton county. The defendants pleaded not guilty, and limitation of three, five and ten years. The case was tried before a jury and under per-

emptory instructions from the court a verdict was returned in favor of defendants and judgment was rendered accordingly.

Plaintiffs claim title under a deed from Jesse McGee to William Dobson bearing date January 14, 1840.

The defendants claim under subsequent deeds from the original grantee, Jesse McGee, and sought to defeat plaintiffs' claim: First, by showing that the deed to Dobson was a forgery. Second, that said deed did not describe the land in controversy with sufficient certainty to identify it; and Third, that they purchased the land for value and without notice of plaintiffs' claim.

The land in controversy was granted to Jesse McGee as a colonist in the colony of the Empresario Lorenzo de Zavalla. The grant was extended by a testimonio issued by George Antonio Nixon, Commissioner for the State of Coahuila and Texas, on November 23, 1835.

The deed from Jesse McGee to William Dobson before mentioned describes the land as follows: "All that tract, lot or parcel of land containing four thousand, four hundred and twenty-eight acres and being the league of land granted to me, the said McGee, by Geo. Anto. Nixon, Commissioner of the Empresario Lorenzo de Zavalla, which said land is situated in Jefferson county on Cabiceras Bayou and joining the land of Francis Valeras on the east, and for further description of said land reference is hereby made to the original plat and field notes of survey which are on file and of record in the General Land Office of this Republic, and reference may also be had to the title papers which are herewith handed to the purchaser." This deed was acknowledged before Martin Parmer, Chief Justice and ex-officio Notary Public of Jasper county, on July 14, 1840, and was recorded in Jefferson county on February 21, 1846, in Newton county on March 27, 1871, and in Sabine county on March 28, 1871. The original of this deed was introduced in evidence and was shown to have been delivered to plaintiff, Samuel A. West, by his ancestor along with other deeds in his chain of title from William Dobson. It appears to be an old instrument, no alterations are shown upon its face and it is in apparently the same condition now as it was at the time of its execution. A son of Martin Parmer testified that the signature to the acknowledgment was his father's genuine writing, and that McGee and his father both lived in Jasper county and were well acquainted with each other.

After the execution of this deed Jesse McGee moved to Polk county where he resided until 1860, when he moved to Denton county and remained there until 1879. In the latter year he moved back to Newton county and took possession of the land in controversy. Two of McGee's grandsons testified that a short time before their grandfather moved back on the land they heard him say that he had previously sold it to Dobson, but that he did not get much for it, and his wife had not signed the deed, and he intended to try to get it back. Other witnesses testified that they had heard McGee say after he returned to the land that he had previously sold it, but that he intended to sell it again. The defendants claim under deeds executed by Jesse McGee after he returned to the land in 1879.

During the time that McGee was living in Polk and Denton counties,

from 1840 to 1879, he paid no taxes on the land and, so far as shown by the record, asserted no claim thereto and exercised no acts of ownership thereover.

Plaintiffs and their ancestor, Samuel West, have paid taxes on the land since 1850. The first payment of taxes in Newton county was made in 1860, at which time the taxes for the preceding ten years were paid.

The defendants filed an affidavit of forgery and in support of said charge it was shown that Jesse McGee was unable to write his name, and his signature was usually made by mark, whereas in the deed to Dobson his name appears written in full with no mark attached. The testimony further shows that the name of Jesse McGee signed to said deed appears to be written in the same handwriting as the body of the instrument and the acknowledgment. It was also shown that one of the title papers delivered to Dobson by McGee at the time the deed was delivered was a testimonio purporting to have been issued by George Antonio Nixon on November 23, 1835, and which grants to Jesse McGee as a colonist in the Zavalla colony a league of land situate in Jefferson county. This instrument described by metes and bounds a league of land in Jefferson county which had been previously surveyed for James Hoggatt and was subsequently granted to him. The general location of this survey corresponds to that portion of the description in the deed to Dobson which states that the land conveyed is in Jefferson county and adjoins the land of Francis Valeras on the east. So far as the records of the Land Office show, no grant was ever made to Jesse McGee other than the league in controversy situate in Newton and Sabine counties, and which was granted to him as a Zavalla colonist by George Antonio Nixon on November 23, 1835. Dobson sold the land conveyed to him by McGee to David Lawrence on May 29, 1846. Lawrence sold it to Martin L. Sheldon September 16, 1848, and Sheldon sold to Samuel West the ancestor of plaintiffs, November 2, 1848. In each of these conveyances the land is described as the land purchased by Dobson from McGee on January 14, 1840, and the deed from McGee is referred to. Each of these deeds also describes the land as situate in Jefferson county and contains a description by metes and bounds of the lands described in the testimonio which was delivered to Dobson by McGee, which description is identical with the Hoggatt grant in Jefferson county and cannot be made to apply to the land in controversy. These deeds were all filed for record in Newton and Sabine counties by plaintiff Samuel A. West at the time he filed the deed from McGee to Dobson and were recorded with that instrument in the deed records of said counties. On the pages of the deed records of said counties immediately following the pages containing the record of these deeds there appears a record of a translated copy of the testimonio before mentioned describing the land in Jefferson county. This instrument was not properly authenticated and was not entitled to record. While it is not shown definitely who procured it to be recorded, the evidence indicates that plaintiff Samuel A. West filed it for record at the time he filed the deeds before mentioned.

There is no evidence that Dobson or any of his vendees ever saw

the land conveyed by the several deeds before referred to or had any knowledge as to its actual location. The defendants purchased the land for value and without any actual notice of plaintiff's claim.

In view of another trial we shall not discuss the probative force of the evidence above set out upon the question of forgery further than to say that it is clearly sufficient to raise the issue of the genuineness of the deed and the trial court could not properly have instructed a verdict on such issue.

We think it equally clear that the deed from McGee to Dobson and the subsequent deeds under which plaintiffs claim are not void for insufficiency in the description of the land thereby intended to be conveyed. It cannot be questioned that the description of the land as that "tract, lot or parcel of land containing four thousand, four hundred and twenty-eight acres, and being the league of land granted me by George Antonio Nixon, Commissioner of the Empresario Lorenzo de Zavalla . . . . , and for further description of said land reference is hereby made to the original plat and field notes of survey which are on file and of record in the General Land Office of this Republic" is sufficient to identify and convey the land in controversy.

The insertion in the description of the statements that the land was situate in Jefferson county on Cabicera bayou and joining the land of Francis Valeras on the east, which statements as applied to the only league of land granted by Nixon to McGee and which McGee, as shown by his subsequent act, intended to sell and did sell to Dobson, are shown to be false, does not vitiate the true description and invalidate the deed, nor can the reference to the false testimonio which was delivered to Dobson with the deed have such effect.

There is no ambiguity upon the face of the instrument, and the inconsistency in the description arises when we attempt to apply them to the subject matter of the sale. When it is shown by extrinsic evidence what was the subject matter of the contract and the land actually sold and purchased and intended to be conveyed is thus identified the false portion of the description in the deed should be rejected as surplusage and the instrument construed in conformity with the true intention of the parties. Berry v. Wright, 14 Texas, 270; Smith v. Chatham, 14 Texas, 322; Arambula v. Sullivan, 80 Texas, 615; Cartwright v. Trueblood, 90 Texas, 538; White v. Luning, 93 U. S., 514; Norwood v. Byrd, 42 Am. Dec., 406.

The question of whether the record of this deed was constructive notice to subsequent purchasers is one upon which much can be said on either side, but we have reached the conclusion that the better reason and the weight of authority support appellants' contention that such record charged appellee with notice. The description in the deed being sufficient to identify and convey the land in controversy it would seem to necessarily follow that the record of such deed should operate as constructive notice to subsequent purchasers.

Any one proposing to buy the land in controversy was required in the exercise of proper care to examine the records of Newton county, and upon making such examination he would have found this deed which informed him that Jesse McGee had conveyed the league granted to him by Nixon, as Commissioner for the Zavalla colony, to Dobson.

Such purchaser was charged with notice that only one such grant could have been legally made to McGee and with such notice the grant mentioned in the deed must have been understood to be the grant of the identical land which he was proposing to buy. We do not think one who purchased the land with this knowledge can be deemed an innocent purchaser. The fact that the false portions of the description indicated that the land conveyed was other than the land in controversy would not justify a purchaser in failing to make the reasonable inquiries by which the truth could have been ascertained. He could not accept the false portion of the description and discard the true and thus make himself an innocent purchaser. Carter v. Hawkins, 62 Texas, 393; Hill v. Moore, 85 Texas, 347; Swearingen v. Reed, 21 S. W. Rep., 383; Simmons Creek Coal Co. v. Doran, 142 U. S., 437; Wade on Notice, secs. 182-184 and 185.

We think the present case is clearly distinguishable from the case of Neyland v. Lumber Co., 64 S. W. Rep., 696. In that case the deed under consideration did not purport to affect the land in controversy, and no part of the description there contained could be applied to said land, but, on the contrary, a different and larger tract patented to a different grantee was described. Our holding in that case that the record of such deed was not constructive notice can not be regarded as in conflict with the conclusion that the record of the deed we are now considering did constitute constructive notice of appellants' claim.

Under proper assignments appellants also complain of the ruling of the trial court in admitting in evidence an examined copy of the pages of the deed record of Newton county containing the record of the translated copy of the testimonio delivered to Dobson by McGee and which purported to be a grant to McGee of the league of land in Jefferson county before mentioned. This instrument was not properly recorded and was therefore not admissible as a certified copy of a legal record. The fact that such an instrument had been placed on record by one of the appellants might, under proper pleadings, have been competent evidence upon the issue of estoppel and such fact would be properly shown by an examined copy of the record, but under the pleadings in this case we do not think the evidence was admissible.

For the reasons before indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*