HIPP et al. v. FALL et al.

No. 11947.

Court of Civil Appeals of Texas. Galveston.

July 15, 1948.

Rehearing Denied Sept. 30, 1948.

Vinson, Elkins, Weems & Francis and W. B. Browder, Jr., all of Houston, and Frank G. Dyer, of McAllen, for appellants.

Walter F. Brown and H. Fletcher Brown, both of Houston, for appellees.

CODY, Justice.

This was an action in trespass to try title to a tract of land 100 feet by 125 feet located in the City of Houston, at the corner of Fannin and Bremond Streets, more particularly described in the judgment of the court below. Appellees were plaintiffs and cross-defendants below, and claimed either mediately or immediately under the will of Martha Hipp, who was the second wife of W. S. Hipp, and the sole beneficiary under his will. Appellants were defendants and cross-plaintiffs below, and were the sole surviving children of the aforesaid W. S. Hipp, as well as of his first wife, Mary Hipp, who died intestate while the children were quite young. The property in question was deeded to the said Mary Hipp by deed dated January 16, 1894, by G. B. Hengen and wife. However, the deed did not recite that the consideration for the conveyance, paid and to be paid, was so paid and to be paid out of the separate estate of Mary Hipp. But it is the contention of appellants that, at the time of the delivery of the deed to their mother, their father directed that the deed be made out to her with the intention that the property be a gift from him to her, so that the land became her separate property.

The case was tried to a jury, and the first five of the special issues were intended to elicit the factors determining the character of the ownership of the property as to whether same was: (1) the separate estate of Mary, Hipp's first wife, or (2) the community property of Hipp and his first, wife, appellants' mother, or (3) the com-

munity property of Hipp and his second wife. The first five special issues, as answered by the jury, were to the effect:

(1) That at the time of the delivery of the deed from G. B. Hengen and wife to Mary Hipp, dated January 16, 1894, "W. S. Hipp directed that the deed be made to his then wife, Mary B. Hipp".

(2) That at the time of such delivery of aforesaid deed, "it was intended by W. S. Hipp that the property therein described was a gift to his wife Mary B. Hipp".

(3) That the consideration mentioned in the deed from Grant, Commissioner, to T. W. House, dated May 22, 1900 (said deed being given in execution of a judgment of the Federal District Court, foreclosing the purchase money lien, subject to which Mary Hipp held under the deed of January 16, 1894) represented a loan by said T. W. House to W. S. Hipp with which he purchased said property.

(4) That on or before January 20, 1910, W. S. Hipp paid to the trustee (in bankruptcy) for T. W. House the amount of the principal and interest called for by the note for $2,000 dated May 7, 1903.

(5) That said note for $2,000 was a renewal of the loan by T. W. House to W. S. Hipp with which he purchased the property at the foreclosure sale.

Based upon the jury's answers to the foregoing special issues, the court rendered judgment that the property in question was the community property of W. S. Hipp and his first wife, the mother of appellants, and rendered judgment that one of the appellees, Mrs. Selita Hunt, recover title to an undivided half thereof, and that appellants recover title to an undivided half interest thereof. The court further rendered judgment for Mrs. Hunt for $1,000 (which was one half of the $2,000 paid by W. S. Hipp to T. W. House or his trustee in bankruptcy) together with accumulated interest thereon in the sum of $2,649.33, or a total of $3,649.33, the same to be realized out of a lien upon appellants' interest in the property but not against appellants personally. The first five of the twelve points on which appellants predicate their appeal attack the court's judgment because of the failure of the court to render judgment that appellants recover the fee simple title to the land in dispute.

Before setting out the instruments which the parties respectively contend support their claim to the property in dispute, it is appropriate to state the following facts:

Mary B. Hipp, the first wife of W. S. Hipp, Sr., died in February, 1902, following the birth of her son, appellant W. S. Hipp, Jr. Then W. S. Hipp, Sr., married Martha Hipp on September 23, 1903. The said W. S. Hipp, Sr., together with his second wife and appellants moved onto the property in question in 1908 or 1909. And W. S. Hipp, Sr., and his wife lived thereon until the date of their respective deaths. By his will, which was probated November 2, 1937, he left all his property to his second wife. She died November 14, 1937, and left all her property to her two sisters, one of whom, Mrs. Hunt, has succeeded either by the will of Martha Hipp or mesne conveyances to whatever interest in the property in question was owned by W. S. Hipp, Sr. Mrs. Hunt, together with her co-legatee, Mrs. Harmon, under the will of Martha Hipp, and H. B. Fall constitute appellees herein. The only interest in the property ever claimed by appellee H. B. Fall was for and on behalf of appellees, Mrs. Harmon and Mrs. Hunt.

If, as appellants contend, the title to the land in dispute became vested in their mother, Mary Hipp, as her separate property and constituted her separate property at the time of death, we should sustain their first five points. The following muniments of title determine whether the land was (a) the separate property of Mary Hipp or (b) the community property of Mary and W. S. Hipp, Sr., or (c) the community property of Martha and W. S. Hipp, Sr.

1. A general warranty deed from G. B. Hengen and wife to Mary B. Hipp, dated January 16, 1894. So far as is important here, the deed recites a consideration of $10 paid, and the assumption of a mortgage indebtedness of the grantors to the Michigan Savings & Loan Association for the principal sum of $4,500. The deed is in regular form, including the usual haben-

dum and warranty clauses. The consideration recited therein is not stated to have been paid out of Mary Hipp's separate estate, nor is it recited that the unpaid consideration is to be paid out of her separate funds or estate.

2. A judgment of the Federal District Court under date of November 15, 1899, against Mary Hipp and W. S. Hipp, and against the grantors in the deed to Mary Hipp, foreclosing the mortgage, the payment of which Mary Hipp assumed as a part of the consideration for the conveyance of January 16, 1894. In said judgment a commissioner was named to conduct the foreclosure sale. Thereafter the commissioner so named reported the sale of the property on April 3, 1900 to T. W. House for $2,-674.42, and the sale was confirmed by the court.

3. The Commissioner's deed to T. W. House.—The undisputed evidence showed that some years after the date of said deed, T. W. House became bankrupt, and that his trustee, by a catch-all description conveyed certain property to Miss Kate Scanlan, Andrew Dow and Henry Albrect. By deed dated July 2, 1926, said grantees of said trustee in bankruptcy quitclaimed the property by specific description to appellants, M. D. Hipp, Katherine G. Hipp, W. S. Hipp, Jr., and to Martha A. Hipp, wife of W. S. Hipp, Sr. As stated above, appellees claimed under Martha Hipp.

4. Under date of May 10, 1909, the state recovered a tax judgment for the sum of $672.47.

(a) Under execution issued under said tax judgment the property was sold to N. T. Masterson for $551.92.

(b) By Sheriff's deed dated January 4, 1910, the property was conveyed to N. T. Masterson.

(c) By deed dated July 20, 1911, N. T. Masterson conveyed the property to Houston Town Lot & Improvement Company.

(d) By deed dated January 10, 1912, Houston Town Lot & Improvement Company conveyed the property to J. T. Scott.

(e) By deed dated September 27, 1929, J. T. Scott conveyed the property to appellants and to Martha A. Hipp.

■ We must overrule appellants' first five points, as we have concluded that the undisputed evidence discloses that the land in question was not the separate property of Mary Hipp at the time she died intestate. We have no doubt that it is the settled law of this State "that property acquired during marriage takes its status as separate or community property at the very time of its acquisition. Also, such status is fixed by the facts of its acquisition at the time thereof. (Authorities)." Smith v. Buss, 135 Tex. 566, 571, 144 S.W.2d 529, 532.

■ It is further the law of this State that where the title is taken in the wife's name, and it is not recited in the deed that the title was taken for the separate use of the wife, the prima facie presumption that the property was taken for the community may be overcome by parol evidence that the husband intended same as a gift to his wife. Higgins v. Johnson's Heirs, 20 Tex. 389, 70 Am.Dec. 394; 23 Tex.Jur. 159; Bray v. Bray, Tex.Civ.App., 28 S.W.2d 205; Swearingen v. Reed, 2 Tex.Civ.App. 364, 21 S.W. 383; Goldberg v. Zellner, Tex. Com.App., 235 S.W. 870; Collett v. Houston & T. C. Ry. Co., Tex.Civ.App., 186 S. W. 232. See also McClintic v. Midland Grocery & Dry Goods Co., 106 Tex. 32, 154 S.W. 1157; 23 Tex.Jur. 73.

■ We have concluded that it would serve no good purpose to decide whether Mary Hipp was invested by the deed dated January 16, 1894, with title to the property in her separate right, or with title thereto for the community estate. This, because whatever title she took was subject to a lien for $4,500, and by a suit which was in all respects regular, her equity of redemption was foreclosed, and the property sold out under order of sale, the sale duly reported to the court, and by the court confirmed. So, whatever title was by aforesaid deed vested in Mary Hipp was divested by regular judicial proceedings. And by the same judicial proceedings, the title to said property was vested in T. W. House. The deed given by the Commissioner to T. W. House was dated May 22, 1900. The jury found, and said finding is not attacked, that the consideration men-

tioned in said deed from said special commissioner to T. W. House represented a loan by T. W. House to W. S. Hipp, with which he purchased such property.

Therefore, upon the face of the record the equity of redemption or title which was placed in the name of Mary Hipp in virtue of the deed of January 16, 1894, was vested in the name of T. W. House by the same judicial proceedings which divested title out of Mary Hipp. It is true that the evidence established that the title which was vested in the name of T. W. House was taken in trust for W. S. Hipp; but there was neither pleading nor evidence to raise a resulting trust as against W. S. Hipp for the benefit of Mary Hipp or her heirs. Neither was there any pleadings or proof by appellants of any facts which would authorize a court of equity to impress a trust on the interest taken by W. S. Hipp for the benefit of Mary Hipp or her heirs. In a word, the only inference to be drawn from the evidence is that the foreclosure proceedings came about in a regular manner, and not by the procurement of W. S. Hipp so that he was free to bid in the property at the foreclosure sale. There was no evidence that Mary Hipp was ever possessed of any separate property or funds which could have been used by W. S. Hipp to have bought in the property at the foreclosure sale. The court was bound to conclude as a matter of law that T. W. House took title to the property as trustee for the community estate of W. S. and Mary Hipp, and, further, that when Mary Hipp died intestate, W. S. Hipp and appellants became tenants in common in the ownership of the property.

■ It was pointed out above that T. W. House became bankrupt and his trustee in bankruptcy by a catch-all description conveyed certain property to Miss Kate Scanlan, Andrew Dow and Henry Albrect, and that thereafter, Miss Scanlan and Messrs. Dow and Albrect by deed dated July 2, 1926, quitclaimed the property here involved to appellants and to Martha A. Hipp, the second wife of W. S. Hipp. Under the findings of the jury it appears that the indebtedness to T. W. House was paid off on or before January 20, 1910. That being true, no interest in the property (unless perhaps a dry legal title) remained in the trustee and so no interest therein passed under the trustee's deed to Miss Scanlan et al. and nothing passed by quitclaim from Miss Scanlan et al. to appellants and to Martha A. Hipp.

■ It was also shown, without dispute, by the evidence of J. T. Scott that the tax title which he had acquired was a mere security title to enforce the payment of a loan made by him to W. S. Hipp to pay off taxes and that same was duly paid off in due course. Therefore, nothing passed under quitclaim deed from J. T. Scott to appellants and to Martha A. Hipp which he had given them in 1929. So, we overrule the contention advanced by appellants (as an alternative to their contention that the property was the separate property of their mother at the time of her death) that they, the said appellants, and Martha A. Hipp acquired title by aforesaid quitclaims and that therefore each appellant owned an undivided one-fourth interest therein and that the successor in interest to Martha A. Hipp owned the remaining interest.

By their points 6–9, appellants complain of the refusal of the court to give certain special issues which they requested. Three of the special issues so requested relate to matters arising out of (1) the quitclaim from Miss Kate Scanlan, Andrew Dow and Henry Albrect (2) the quitclaim deed from John T. Scott (3) the claim that Mary Hipp was vested with the separate title to the property at the time she died intestate. Under the views we have expressed herein, such matters were immaterial to the rights of the parties, and the court did not err in refusing to give same.

Appellants' (defendants') requested special issue No. 4 inquired whether at the time of payment by W. S. Hipp to T. W. House of any sum that T. W. House paid for the property at foreclosure sale, it was intended by W. S. Hipp that such payment was a gift either to his wife Mary Hipp, or to the appellants, his children. As we construe this special issue, it is predicated upon the erroneous assumption that there was evidence from which it could have been found that Mary Hipp and after her death,

her heirs, were the fee simple owners of the property. We overrule appellants' point complaining of the court's failure to give said special issue.

By their 10th point, appellants complained of the court's action in rendering judgment for appellees and against appellants for the sum of $1,000 and by their 11th point appellants complained of the judgment insofar as it included the sum of $2,649.33 (which was interest on the aforesaid item of $1000).

As appears from special issues Nos. 4 and 5 as answered by the jury as set out above, Hipp paid off the obligation of $2,000 being the money loaned by T. W. House to W. S. Hipp and with which the property was paid for which was purchased at foreclosure sale.

We have considered appellants' contention that appellee Mrs. Hunt was not shown by the evidence to be the owner of the claim for $1,000 (which was one-half of the aforesaid sum of $2,000 together with the accrued interest thereon). We hold that, as all the interested parties were before the court, and as the action of the court in awarding Mrs. Hunt recovery of said item was not excepted to nor appealed from by the other appellees, if same constituted error, it was not an error of which appellants were entitled to complain. This, because the judgment in favor of Mrs. Hunt would be res adjudicata should the other appellees ever undertake to sue appellants.

Appellants' contention that the right of Mrs. Hunt as successor in interest of W. S. Hipp to recover one-half of the aforesaid $2,000 (the indebtedness from Hipp to T. W. House) together with accumulated interest thereon was barred by limitation is without merit. This is not a suit to charge appellants personally with said indebtedness. This is a suit for partition; and a co-tenant's "right is to have the property so divided or sold as to make the others, while sharing equally in the benefit of the estate, share equally in the necessary expenses incident to it. To such a claim, when thus asserted, the statute of limitations has, in our opinion, no application, because it is an incident to partition,

and to an action for partition the statute does not apply." Hanrick v. Gurley, 93 Tex. 458, 475, 54 S.W. 347, 355. We overrule points 10 and 11.

In addition to the judgment in favor of Mrs. Hunt on account of the item of $1,000 (being one-half of the $2,000 paid by W. S. Hipp to T. W. House) the court awarded Mrs. Hunt judgment for sums based on the jury's answers to special issues Nos. 6–10, inclusive. The court arrived at such additional sum so awarded Mrs. Hunt, as follows:

The total amount of rents collected by appellants on No. 2417 Fannin Street for the period beginning November 14, 1937 (Special Issue No. 6) ...............$3,817.50

The reasonable rental value on No. 2419 Fannin (which was occupied by appellants) for period beginning November 14, 1937. (Special Issue No. 10).....$5,575.00

$9,392.50

Amount paid out for taxes on the property by appellants since November 14, 1937. (Special Issue No. 8)......$1,040.00

Amount paid out by appellants for maintenance and upkeep since November 14, 1937. (Special Issue No. 9).. 973.00

2,013.00

$7,379.50

One half of $7,379.50 is $3,689.75, but the court awarded on the accounting, in addition to the item based on the aforesaid one-half of $2,000, the sum of $3,689.50. (We assume that the court intended said award to be $3,689.75). The court fixed a lien on appellants' half interest to secure the payment of said amount, and did not award any personal recovery.

Appellants' 12th point complains of the court's judgment rendered against

738

them on account of rental value in the sum of $3,689.50. Since it is our opinion that the court correctly held that Mrs. Hunt was entitled to recover an undivided half interest in the property, it necessarily follows that the court should, upon an accounting, require the co-tenant in possession of the property to share pro rata with his co-tenant any advantages received by him from the property, while allowing said co-tenant in possession to be credited with whatever burdens he has discharged connected with said property, which benefited or preserved the interest of his co-tenant. See Hanrick v. Gurley, supra, at page 474 of 93 Tex., at page 354 of 54 S.W.

Now the jury found in answer to special issue No. 7, that the reasonable rental value of No. 2417 Fannin Street was $4,460, which exceeded the rent actually collected by appellants by the sum of $642.-50. In this case the appellants were in possession of the property exclusively, and asserted an adverse claim to the entire property. Under such circumstances, appellants were liable not merely for one-half the rents actually collected by them on No. 2417 Fannin, but since these were less than the rental value of the property, appellants are liable for one-half of the reasonable rental value. See Buchanan v. Davis, Tex. Civ.App., 43 S.W.2d 279, 283; Id., Tex. Com.App., 60 S.W.2d 192. Since the reasonable rental value of No. 2417 Fannin exceeded the rentals collected by appellants in the sum of $642.50, the court should have allowed Mrs. Hunt on said item one-half of said sum of $642.50, in addition. We overrule appellants' point 12.

The court correctly allowed appellants to take credit for the taxes paid by them and for the maintenance and upkeep. Mrs. Hunt had the advantage thereof. See Hanrick v. Gurley, supra.

We have considered the cross points urged by appellees, and except as they have been allowed by what has been held hereinabove, they are refused.

The judgment in favor of Mrs. Hunt is reformed by increasing same one-half of $642.50, or $321.25, and as so reformed, the judgment is affirmed.

Reformed and affirmed.