This suit was brought by appellant against her husband, Douglas DuPerier, to recover the title and possession of lot No. 10, in block No. 73 of Van Wormer's addition to the city of Beaumont. After the usual allegations in a suit of trespass to try title, the petition further alleges:
"Plaintiff further represents to the court that the property in controversy in this suit was conveyed to the defendant by Alfred DuPerier on the 12th day of July, 1902, by general warranty deed, for the consideration of $2400 cash; that after the defendant had acquired title to the property he desired to convey the same to his wife, the plaintiff herein, to be owned and held by her as her own separate estate, and the defendant sought the advice of a lawyer as to the manner in which title to the property could be passed from him to his wife, the plaintiff herein, so that she could own and hold same in her own right as her own separate estate; and the defendant was advised by an attorney that the only valid way to effect a transfer of title to said property from the defendant to his *Page 227 
wife, the plaintiff herein, so that the same could be conveyed to and owned by her as her own separate estate, was to make, execute and deliver a deed conveying the property to some third party who should act as the trustee to hold said property, and after said deed had been executed and delivered to the said third party as trustee and the title had fully passed out of the defendant, that the said trustee could legally convey the property to the defendant's wife, the plaintiff herein; and, acting upon said advice and believing the same to be the correct and only valid way in which the title to said property could be passed from said defendant and vested in his wife, the plaintiff herein, so that the same could be owned and held by her as her own separate estate, the defendant and this plaintiff executed and delivered a general warranty deed conveying this property to one H. P. Barry, on the 23d day of September, 1903, which said deed is recorded on page 588 of volume 73 of the deed records of Jefferson County, Texas; that no consideration of any kind or character was paid by the said H. P. Barry for said conveyance of said property, and no consideration of any kind or character was received by plaintiff or defendant from H. P. Barry for said property, and the recitals of the payment of consideration in said deed are not true; and on the other hand, it was expressly agreed and understood by and between all the parties to said transaction, that the said H. P. Barry should hold the title to said property as a trustee, and that he should thereafter make, execute and deliver to the plaintiff herein a good and valid deed of conveyance that would convey to this plaintiff the title to said property to be owned and held by her as her own separate estate; and that in pursuance of said agreement and understanding, the said H. P. Barry and his wife Katherine M. Barry, on or about the 1st day of October, 1903, made, executed and delivered to this plaintiff a general warranty deed of conveyance to this plaintiff the property now involved in this suit, which said deed is recorded on page 328 of volume 75 of the deed records of Jefferson County, Texas. And the said H. P. Barry and his wife, Katherine Barry, received no consideration of any kind or character for said conveyance of said property, and the said deed was made in pursuance of the general agreement or understanding made and entered into by the plaintiff and defendant herein and the said H. P. Barry at the time plaintiff and defendant conveyed the said property to the said H. P. Barry by the said deed of September 23, 1903, to the effect that it was the purpose of said conveyance and the intention of all the parties to said deed that the property should be conveyed to and held by this plaintiff as her own separate estate, and the property was conveyed and title to the said property was vested in the said plaintiff herein as her separate estate, but the deed does not show upon its face, by reason of a mistake of the draughtsman who draughted said instrument, that the property is conveyed to and to be held by the plaintiff as her own separate estate, but in truth and in fact it was the understanding of all the parties to the conveyance that such should be the effect of the said conveyance, and the property was conveyed by plaintiff and defendant to said H. P. Barry for the sole purpose of having it conveyed to the plaintiff *Page 228 
herein as her separate estate; and the said H. P. Barry, acting as said trustee, was instructed and directed by the defendant herein to convey the property to this plaintiff to be owned and held by her as her separate estate, and in truth and in fact the property was so conveyed and is now owned by and held by her as her separate property."
Then follow allegations sufficient under the rule announced in Dority v. Dority, 96 Tex. 215, to entitle plaintiff to maintain this suit against her husband. The prayer of the petition is that plaintiff have judgment for the title and possession of the property, and that defendant be restrained from collecting rents therefor and from interfering with its management and control by the plaintiff.
Defendant answered by general denial and plea of not guilty.
The trial in the court below without a jury resulted in a judgment in favor of defendant, "that plaintiff take nothing by her suit."
The evidence shows that plaintiff and defendant were married on January 12, 1901, and that the property in question was conveyed to defendant by his father, Alfred DuPerier, on January 12, 1902, by a deed which recites a cash consideration of $2400 paid by defendant. The undisputed evidence further shows that no consideration was in fact paid by the defendant for the property and it was in fact a gift from his father.
We adopt the following conclusions of fact filed by the trial judge:
"Shortly after said property was given to defendant, he and the plaintiff, who was then his wife, moved on to said premises and occupied the same and claimed the same as their homestead, and the same was in fact their homestead and remained their homestead up to the separation of plaintiff and defendant, as hereinafter mentioned.
"A little while prior to the execution of the deed by defendant and wife to H. P. Barry, hereinafter mentioned, the defendant and plaintiff had gone to the town of Erath, in the State of Louisiana, and they were temporarily residing at said place at the time of the execution of said deed to said Barry, but were then claiming the property in controversy as their homestead, and in fact intended at that time to return to said property and occupy the same as their homestead.
"At said time the defendant was indebted to divers persons, the exact amount of which indebtedness I do not know, but the same was somewhere between five hundred and a thousand dollars.
"I find that while plaintiff and defendant were so residing in the State of Louisiana, defendant's father, who lived in Louisiana, and who knew of defendant's indebtedness, became apprehensive that the property in controversy would be levied upon by some creditor, and that defendant would run the risk of having same subjected to forced sale, and that defendant's father for this reason frequently counseled with plaintiff and defendant and advised them both to make such disposition with reference to said property as would keep the same from being subjected, or attempted to be subjected, to sale for defendant's debts; and I find that defendant at first refused to abide by any suggestion made by his father, defendant claiming that the property was his homestead and not subject to execution; but *Page 229 
defendant finally, both because of the insistence of his father and the importuning of plaintiff, his wife, agreed that the property in controversy should be conveyed by himself and wife to one H. P. Barry, of Beaumont, Texas; that it was understood between defendant and his wife, the plaintiff, at the time of the execution of the deed by himself and plaintiff to Barry, that Barry should hold the said property in trust, and reconvey the same to the plaintiff, Suze S. DuPerier; that the purpose actuating plaintiff and defendant was to keep creditors of defendant from attempting to subject said property to sale for defendant's debts, both of them believing that if the property should stand in the name of plaintiff, creditors would not be apt to attempt its subjection to execution; and this arrangement was agreed upon by plaintiff and defendant in order that they might not be harassed by attempts to subject said property to execution.
"That plaintiff and defendant did in fact convey said property to H. P. Barry by deed dated September 23, 1903, and that no consideration then passed or was intended to pass between said parties for said property, and that such conveyance was for the purpose as stated in the paragraph above.
"That H. P. Barry conveyed the property in controversy to plaintiff by deed on or about the 1st of October, 1903, and that no consideration of any kind was paid by plaintiff for said property conveyed by said deed.
"That the deed from plaintiff and defendant to H. P. Barry and the deed back from H. P. Barry to the plaintiff, were executed and delivered under and by virtue of a previous agreement and understanding between plaintiff and defendant to the effect that the property should be conveyed by plaintiff and defendant to the said Barry and that the said Barry was to hold the same in trust and thereafter to convey the same to the plaintiff herein; and that it was the intention of plaintiff and defendant that the said Barry in making such conveyance to the plaintiff should make the deed sufficient upon its face to convey the property to the plaintiff as her separate estate; that is to say, that the said Barry should use such apt words as would be sufficient to make said deed in form a conveyance to the plaintiff for her sole and separate use; and that it was a mistake on the part of said Barry in making said deed to plaintiff in not using apt words as would made said deed upon its face a conveyance to the sole and separate use of plaintiff, and that said Barry fully intended that said deed should be in form sufficient to make the same a conveyance to the sole and separate use of the plaintiff.
"That the understanding with the said Barry with reference as to how his said deed to the plaintiff should read, was had solely with plaintiff, and that the said Barry was never consulted by defendant about such transaction; but the plaintiff, in having such understanding with said Barry, was acting with the consent of defendant and in accordance with the previous agreement between plaintiff and defendant.
"That it was never the intention of the defendant to give said property to the plaintiff by reason of his agreement to have the said Barry deed to show it upon its face, and that the plaintiff knew and *Page 230 
understood that she was not to have said property as her own separate estate, nor did she at that time intend to take advantage of said Barry deed and claim said property as her own, but was merely acting with defendant with a view to preventing creditors of defendant from levying execution on said property, and that both plaintiff and defendant recognized the fact and understood that said property was to be and remain the separate property of the defendant, notwithstanding the recitals, or intended recitals, of the deed to plaintiff from the said Barry.
"That plaintiff and defendant are permanently separated, and that there is no reasonable probability of their ever living together as husband and wife again; that the plaintiff abandoned the defendant while they were temporarily residing in the State of Louisiana, and returned to her stepfather's home in the State of Michigan, where she has continued to live to the date of this cause; but that plaintiff was warranted in abandoning defendant on account of his treatment of her, and that such treatment would be just grounds in this State for a divorce, should the plaintiff apply for same.
"That the defendant has collected the rents upon the property in controversy during the entire time that plaintiff and defendant have been away from said property, and that the defendant has appropriated the amount so collected to his own use and benefit."
Under appropriate assignments of error the appellant assails the judgment of the court below upon the following grounds:
First: Because the court having found that it was the intention of appellee that the deed from Barry to appellant should on its face pass the title of the property to appellant in her separate right, the deed should be considered as containing apt words expressing such intention, and when so considered appellee will not be heard to say that it was not his intention that the title to the property should vest in appellant in her separate right.
Second: Because the evidence is insufficient to support the finding that it was the intention of the appellee and the appellant that she should hold the title in her separate estate in trust for the benefit of appellee.
Third: Because it having been the intention of appellee that the deed should convey the property to appellant as her separate estate, and the evidence showing that such conveyance was for the purpose of defrauding appellee's creditors, he can not recover from appellant the property so intended to be conveyed to her in fraud of his creditors.
We will consider these objections to the judgment in the order in which they are presented.
The deed from Barry to Mrs. DuPerier does not convey the property to her in her separate right, and on the face of the conveyance the title is in the community estate. If the conveyance had been made directly from the husband to the wife, the title would prima facie have vested in her separate estate without any recitals in the conveyance evidencing such intention on the part of the grantor. The apparent title having been in the community under a deed to appellee executed subsequent to his marriage and which recites a *Page 231 
valuable consideration, his conveyance to his wife would have put the title in her separate estate in the absence of evidence showing a contrary intention. In these circumstances any other construction of the deed would render it wholly inoperative, or, as said by Judge Gaines in the case of Lewis v. Simon,72 Tex. 470: "Would be equivalent to holding that it passed the title from the community to the community; or, in other words, that it passed nothing." Storey v. Marshall, 24 Tex. 306; Swearengen v. Reed, 2 Texas Civ. App. 364[2 Tex. Civ. App. 364] (21 S.W. 383); Hunter v. Hunter,45 S.W. 820; Kahn v. Kahn, 94 Tex. 114.
This construction can not, however, be placed upon the deed from Barry to appellant. When a third party conveys to the wife by a deed which does not in terms convey to her separate use, nor show that the consideration was paid out of her separate estate, the title so conveyed vests prima facie in the community. If the consideration in such case was paid out of the wife's separate estate, or if the intention of the grantor was to convey the property to the wife for her separate use and benefit, these facts could be shown, and in such case the title would vest in the separate estate of the wife.
Appellant concedes that upon the face of the record the title to the property is in the community, and that to entitle her to recover in this suit she must show that appellee intended by the conveyance to Barry and from Barry to appellant to give her the property in her separate right. The trial court finds that this was not the intention of the parties, but their intention was to have the title to the property placed in appellant merely for the purpose of preventing any attempt upon the part of appellee's creditors to subject it to the payment of his debts; and we think this intention must determine the rights of the parties in the property.
If the deed had by its terms conveyed the property to appellant in her separate right, still it might be shown that she took the title upon an express trust and held it for the benefit of appellee or for the use and benefit of the community estate; but we do not think the rights of the parties are the same as they would be had the deed conveyed the property to appellant's separate use and benefit. In such case, no express trust being shown, appellee would be estopped to claim that he did not intend to give the property to his wife. The deed to appellant does not convey the property to her separate use, and it seems to us that it would be an unreasonable extension of the doctrine of estoppel to hold that because appellee intended it should contain such recital he will not be heard to say it was not his intention to give her the property. Estoppel arises from words or acts and not from intention alone. Upon the facts found by the trial court appellant's contention is, in effect, this: "While the deed on its face gives me no title to the property and it was not the intention of my husband that I should have the property, yet because he did intend that the deed should place the apparent title in my separate estate, the property is mine." We do not think this contention is sound.
The second objection to the judgment is also untenable. The testimony was conflicting upon the question of the intention of the *Page 232 
parties, but the evidence is sufficient to sustain the finding that it was agreed and understood by both appellant and appellee that appellant was not to have the property, but that the title was to be placed in her for the sole purpose of preventing appellee's creditors from attempting to subject it to his debts. We think if the property had been conveyed to her separate use under this understanding she would hold it in trust for appellee's benefit.
Appellee had no intention of defrauding his creditors in making said conveyance. The property was his homestead and he had no intention of abandoning it at the time the conveyance was made. Under these facts if the title had been in fact placed in the appellant for the purpose of protecting the homestead, appellee would not be denied the right to recover the property thus held in trust for his benefit. Newman v. Newman, 86 S.W. 635; Rivera v. White, 94 Tex. 538.
We think the judgment of the court below should be affirmed, and it has been so ordered.
Affirmed.
Writ of error refused.