**Bernice JACKSON et al., Appellants,**

**v.**

**Ruth Lee BRACKINS, a feme sole, Appellee.**

**No. 14917.**

Court of Civil Appeals of Texas.

Houston.

Dec. 1, 1966.

Rehearing Denied Dec. 22, 1966.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellants.

Buck C. Miller, Walter C. Wiebusch, Houston, for appellee.

WERLEIN, Justice.

Appellee, Ruth Lee Brackins, a feme sole, brought this suit against appellants, heirs at law of John Henry Jackson, Deceased, to recover the title and possession of Lot No. 4 in Block No. 27, Independence Heights Addition, an Addition to the City of Houston, in Harris County, Texas, according to the map thereof recorded in Vol. 3, Page 42, of the Map Records of said County, and also to cancel a deed which she had previously executed to said John Henry Jackson, and to remove a cloud on her title. At the conclusion of the evidence, the trial court, on motion of appellee, withdrew the case from the jury, and entered judgment in favor of appellee for the title and possession of said property.

The evidence shows that on or about November, 1962, appellee, who was at such time Ruth Lee Blair, wife of Nelson Blair, and John Henry Jackson agreed to enter into a partnership for the purpose of making bail bonds. In order to engage in such business, it was necessary that Jackson have a sufficient amount of property that might be looked to as security for bonds that would be executed by him for the partnership. In order to accomplish this appellee, joined by her then husband, conveyed the above described property to John Henry Jackson by deed dated November 13, 1962, and recorded in the Deed Records of Harris County, Texas. Immediately thereafter and on the same day John Henry Jackson executed and delivered to appellee, Ruth Lee Blair, a deed reconveying the same property to her as and for her separate property and estate. It was agreed between the parties that this latter deed would not be placed of record. The next day appellee took such deed to the lawyer who had drawn it up and requested that he change her name from Ruth Lee Blair to Ruth Lee Brackins in the reconveyance, since the property was at all times her separate property and her husband, Nelson Blair, had no interest whatever therein. The

lawyer made the change requested, striking out the name "Ruth Lee Blair" as grantee and inserting the name "Ruth Lee Brackins" which was the maiden name of appellee. The evidence further shows that no bail bond was ever executed or made by the partnership or either partner, and that sometime later the said John Henry Jackson died, and the marriage of appellee and Nelson Blair was annulled.

■ In their first two points, appellants assert that the trial court erred in overruling their motion for judgment after finding a situation of pari delicto, and also erred in granting appellee's motion for judgment granting affirmative relief after finding the transaction made the basis of this suit to be an illegal contract. Both of these assignments of error are overruled. The trial court made no findings of fact whatever, but entered judgment in favor of appellee for the title and possession of said property and denied all relief prayed for by appellants in their cross-action. At one point during the trial the trial court stated a general rule of law, but such statement did not consist of a finding of fact in the instant case. Furthermore, appellants have not pleaded that the transaction in question was illegal.

Even if we assume that appellee and Jackson did enter into a contract tainted with a wrong or illegal motive, such fact would not keep appellee from recovering the property in question. The contract was not entered into for the purpose of defrauding anyone. Had said parties actually executed as sureties any bail bonds, the property in question could have been looked to by the proper officials as security and the unrecorded reconveyance to appellee would not have prevented resort to such property. It has been held in this State that although a contract is entered into for the purpose of defrauding creditors, the motive of the parties will not be considered when there are in fact no creditors. Ellis v. Valentine & Son, 65 Tex. 532, 547. See also DuPerier v. DuPerier, 59 Tex.Civ.App. 224, 126 S.W. 10, writ den.; Pointer v. Pointer, Tex.Civ.App., 197 S.W. 2d 504; Barber v. Coleman, Tex.Civ.App., 173 S.W.2d 660, writ dism.

■■ Appellants also assert that the court erred in the application of the doctrine of "clean hands" by failing to leave the parties in the situation they were at the inception of the suit. In this connection it should be noted that the trial court did not cancel the deed from appellee to Jackson, nor did the court grant any equitable relief whatever to either party. Appellee sued not only for cancellation of such deed but also for the title and possession of the property in question, and the court decreed that appellee recover from appellants the title and possession of such property. As between the parties the ownership of such property was always in appellee since immediately after her execution of the deed to Jackson, he reconveyed the property to her. The deed reconveying the property was duly executed and delivered to appellee, who took the deed home with her. The next day the change was made in her name in the deed by the attorney who prepared the deed. There is no change in the grantee in such deed, but merely a change in her name which was made the day after the reconveyance to her of the property in question. Under the facts and circumstances of this case the court properly decreed title and possession of the property in appellee.

Judgment affirmed.